Argued June 7, affirmed June 29, petition for rehearing
denied July 26, 1960

# FURRER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

### 353 P. 2d 565

*Walter T. McGuirk,* Portland, argued the cause and filed a brief for appellant.

*George S. Woodworth,* Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem, and T. Walter Gillard, Assistant Attorney General, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and HOLMAN, Justices.

HOLMAN, J. (Pro Tempore)

This action was brought by the plaintiff, Ella A. Furrer, widow of Joseph J. Furrer, against the defendant, State Industrial Accident Commission, for benefits for herself and her children under the Workmen's Compensation Law. On October 20, 1956, plaintiff's husband, while covered by Workmen's Compensation, was a workman on a rock crusher and suffered an injury in the course of his employment. On October 17, 1957, he died of leukemia.

Plaintiff bases her claim for benefits on the contentions: (1) that her husband's injuries suffered in the accident of October 20, 1956, hastened and accelerated his death, and (2) that he was permanently and totally disabled by the injuries at the time of his death. A trial of these two issues resulted in the jury finding against plaintiff on both of them. From these findings plaintiff appeals.

■■ As plaintiff's first claim of error she asserts the trial court improperly excluded from evidence a transcript of her husband's testimony, taken during his lifetime. This was taken before an accident commission hearing officer as part of the proceedings in a claim by him for compensation for the injuries suffered in the same accident. Plaintiff claims it was admissible to show the seriousness of his injuries and his condition prior to his death, both of which were pertinent to the issues submitted to the jury. Defendant objected to the transcript on the ground that it was hearsay.

There is no necessity to go into the merits of this controversy. The purported transcript as it was offered into evidence was nothing more than a carbon copy of a number of typewritten pages. It was unsigned and unauthenticated by anyone. No one was called to identify it or to vouch for its authenticity or correctness. There was no foundation of any kind laid for its introduction upon which the trial judge could admit it. While this was not the basis on which the objection to its introduction was made, if there was a proper basis for its exclusion, the ruling of the trial court so excluding it will be affirmed. 1 Wigmore on Evidence (3rd ed) 342, § 18.

■ Plaintiff's second claim of error was the court's admission into evidence of the testimony of one of decedent's coworkers concerning the manner and extent of his injuries and his condition thereafter. We believe the testimony was admissible for the same reasons urged by plaintiff for the admission of decedent's deposition. The manner in which the accident happened bears a direct relation to the extent of his injuries, and the injuries and his condition thereafter tend to prove whether they were serious

enough to have hastened his death or to have totally disabled him at that time.

■ Plaintiff's last claim of error is based on the court's instructions relative to the definition of permanent, total disability. The exception taken by plaintiff was as follows:

"MR. McGUIRK: The plaintiff is satisfied, except I do take exception to the instruction given by the Court in the definition of permanent, total disability, in which the Court stated it to be for any gainful occupation, which, as I understand it, it should be that it would be any suitable, gainful occupation for which he was equipped to engage, based upon his education and past experience."

The instruction in part was as follows:

"Now I want to define for you what is meant by 'permanent total disability.' 'Permanent total disability' means the loss of both feet or hands, or one foot and one hand, total loss of eyesight, or such paralysis or other condition permanently incapacitating the workman for performing any work at a gainful and suitable occupation."

The court then continued in a more detailed manner to redefine permanent, total disability, leaving out the word "suitable" and using only the word "gainful." While this could have been somewhat confusing, in view of the fact a proper instruction as to suitability was given, we do not believe it was a serious enough matter to merit a reversal of the case.

For the reasons set out above, the judgment of the lower court is affirmed.